FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO  MAR 0 C 2006

BILL YANEZ,

    Petitioner,

v.

CHRISTINE VALLEJOS, Warden,

    Respondent.

MATTHEW J. DYKMAN
CLERK

Civ. 05-1180 RB/RLP

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.     This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner is currently serving his sentence, having been convicted by a jury of Trafficking a Controlled Substance, to wit: Cocaine by Possession with Intent to Distribute. Answer [Doc. 14], Exhibit A thereto.

2.     After his conviction, Petition filed a direct appeal with the New Mexico Court of Appeals (COA) raising the following issues: (1) insufficiency of the evidence; (2) trial court's failure to instruct the jury on objective entrapment; (3) the trial court violated his Due Process rights by changing the sentence between the time the court orally announced it and when it issued its written sentence; (4) the trial judge should have recused herself due to bias; (5) ineffective assistance of counsel; and (6) the trial court erroneously allowed the prosecutor to impeach Petitioner based on a prior bad act. The COA addressed each of the six claims. Exhibit F. Petitioner filed a petition for writ of certiorari, Exhibit G, which

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

was denied on August 11, 2005. Exhibit H. Respondent concedes exhaustion and the petition is timely.

3. Respondent has filed a Motion to Dismiss [Doc. 12], inexplicably arguing that Petitioner has failed to raise any federal or constitutional claims cognizable on habeas review. Claims 1, 3, and 5 in the state appeal are clearly based on federal law. Petitioner cited *Jackson v. Virginia*, 443 U.S. 307 (1979) for the insufficiency of the evidence claim. He cited both the Fifth and Fourteenth Amendments for his claim about the changing of the sentence. Finally, he cited to *Strickland v. Washington*, 466 U.S. 668 (1984) for his claim of ineffective assistance of counsel.

4. The court agrees with Respondent that the other three claims are not cognizable on habeas review because they only involve state law. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Romano v. Gibson*, 239 F.3d 1156, 1166 (10th Cir.), *cert. denied*, 534 U.S. 1046 (2001). After a discussion of the facts, the three issues will be addressed.

5. Petitioner lived with his girlfriend Brenda, whose mother, Della, went to the police to say that she would be willing to set up a "buy" so that police could arrest Petitioner. Exhibit C at 2-3. Della was provided with $600 currency and a tape recorder in her purse. She went to Petitioner's house, told him she wanted to purchase an "ounce" and was told to return in one hour. *Id.* at 3-4. She returned in one hour and Petitioner (who was being surveilled by the police) came out to her car and put a Marlboro cigarette

2

pack in her car; she gave him $600. *Id.* at 3. At trial, the tape recording revealed the foregoing conversation. *Id.* at 4. The cigarette pack was later found to contain one ounce of cocaine. *Id.* at 6. The money was never recovered. *Id.* at 5.

6. Section 2254 commands that habeas relief may not be granted unless the state court decision

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d)(1)-(2).

7. It is unsettled in this circuit "whether a challenge to the sufficiency of the evidence is a question of fact or a question of law and therefore whether [§ 2254(d)(1) or (d)(2)] should apply." *Hamilton v. Mullin*, -- F.3d--, 2006 WL 165011, *10 (10th Cir. 2006). As to matters of law, a state court's application of established Supreme Court precedent is unreasonable

> (1) when "the state court applies a rule that contradicts the governing law set forth in [the Court's] cases;" and (2) when "the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from" the result reached by the Supreme Court.

*Torres v. Mullin*, 317 F.3d 1145, 1150 (10th Cir.) (quoting *Williams v. Taylor*, 529 U.S. 3 62, 405-06 (2000) (brackets by the court), *cert. denied*, 540 U.S. 1035 (2003).

8. As to matters of fact, the state court's decision is unreasonable if "'the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 1151

3

(quoting *Williams*, 529 U.S. at 413). Under either analysis, the evidence was sufficient.

9.  When reviewing a claim of insufficiency of the evidence, the issue is "whether, after viewing the evidence in the light most favorable to the prosecution *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis by the Court).

10.  The COA rejected Petitioner's claim of insufficient evidence:

> A police agent and the Buyer provided the majority of the evidence in support of Defendant's conviction. The evidence presented in this case showed that: the Buyer and her vehicle were searched by police; the buyer wore a recording device, and was under constant surveillance by police during that transaction; police provided money to the Buyer to purchase cocaine; the Buyer drove to Defendant's house and asked him for an "ounce," and Defendant told her it would take about an hour; the Buyer returned after one hour and gave money to Defendant in exchange for a cigarette pack, which Defendant placed into the console of the Buyer's vehicle; the police searched the Buyer and her vehicle after the transaction; police found the cigarette pack in the Buyer's vehicle; the substance in the cigarette pack was cocaine; and Defendant had used cocaine and provided cocaine to others in the past.

Exhibit F at 2.

11.  Although many contrary inferences could have been drawn, the jury's acceptance of the prosecution's witnesses and the rejection of the defense's witnesses does not amount to insufficient evidence. Trafficking "consists of transferring a controlled substance . . . to another, while knowing or believing the substance to be cocaine or some other illegal drug." *Id*. (citing NMSA 1978 § 30-31-20(A)(2) (1990)). Viewed in favor of the verdict, a rational jury could find the essential elements of the crime beyond a reasonable doubt. The evidence was sufficient to support the conviction as the COA found.

12.  Petitioner's next claim is ineffective assistance of counsel, and he alleges that

4

counsel's performance was defective in three areas: (1) counsel failed to advise Petitioner he was not required to testify in his own defense; (2) counsel failed to object to amending the indictment; and (3) counsel failed to tender an "objective entrapment" instruction.

13.   "To establish ineffective assistance of counsel, a petitioner must prove that counsel's performance was constitutionally deficient and that counsel's deficient performance prejudiced the defense, depriving the petitioner of a fair trial with a reliable result." *Boyd v. Ward*, 179 F.3d 904, 913 (10th Cir. 1999) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984), *cert. denied*, 528 U.S. 1167 (2000).

14.   The COA addressed each of these three issues in its opinion. First, the court noted that Petitioner had failed to show any prejudice (*i.e.*, that the result would have been different) by his not testifying at trial. The court stated that even without Petitioner's testimony, the evidence presented supported the conviction. Exhibit F at 7.

15.   As for the failure of counsel to object to amending the indictment, the COA stated that Petitioner had originally been charged with possession of cocaine with intent to distribute. The court and counsel were informed prior to trial that the State would move to amend the indictment to conform to the evidence presented of trafficking by distribution. The COA found there was no prejudice by this amendment. *Id.*

16.   Finally, the court found that counsel was not ineffective for failing to tender an objective entrapment instruction because the evidence would not support such an instruction. *Id.* at 6. In New Mexico, "objective entrapment" may be raised when the defendant can show either (1) lack of predisposition to commit the crime; or that "the police exceeded the standards of proper investigation . . . ." *State v. Vallejos*, 945 P.2d 957, 959

(N.M. 1997). The COA found that there was no evidence of lack of predisposition or that the police were excessively involved in the transaction. Exhibit F at 6.[2] Because there was no evidence to support the elements of the defense, counsel was not ineffective for failing to submit an objective entrapment instruction.

17. The COA's finding that counsel was not ineffective was neither "contrary to, nor involved an unreasonable application of clearly established Federal law," as set forth in *Strickland v. Washington, supra.*

## RECOMMENDED DISPOSITION

I recommend that the Motion to Dismiss [Doc. 12] be granted on the grounds stated herein and this case be dismissed with prejudice, except for Petitioner's ineffective assistance of counsel claim, which is dismissed without prejudice.

Richard L. Puglisi
United States Magistrate Judge

---

[2] It should be noted that in his Memorandum in Opposition to Proposed Summary Affirmance, Petitioner raised these three issues but stated that many of the facts supporting them were not of record. Exhibit E at 23. The COA indicated in its Opinion that if there existed additional factual bases for Petitioner's claims, he could bring them in a collateral proceeding. Exhibit F at 6. Petitioner never commenced a state habeas proceeding and he did not allege additional facts in his federal petition.